IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| EVELYN BENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17cv630–HEH |
| | ) | |
| PHILLIPS EDISON & CO., LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
(Granting Motion to Dismiss & Denying Motion for Leave
to File Second Amended Complaint)

Evelyn Benton ("Plaintiff"), acting *pro se*, brought this action against Phillips Edison & Co., Ltd. ("Defendant") alleging that Defendant breached the terms of Plaintiff's commercial lease, violated the Federal Trade Commission Act, and violated various provisions of the Virginia Code. This matter is before the Court on Defendant's Motion to Dismiss Under Rule 12(b)(6)[1] (ECF No. 7), filed on October 20, 2017, and Plaintiff's Motion for Leave to File Second Amended Complaint ("Pl. Mot.," ECF No. 12), filed on October 27, 2017. Although Plaintiff did not file either a response to the Motion to Dismiss or a reply in support of her Motion for Leave to File Second Amended Complaint, the Court finds that the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, Defendant's Motion to Dismiss will

---

[1] Defendant included an appropriate Roseboro Notice with its Motion, as required by Local Civil Rule 7(K) and the Fourth Circuit's decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

be granted, and Plaintiff's Motion for Leave to File Second Amended Complaint will be denied.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to her. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Legal conclusions, however, enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court may, however, consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), as well as documents attached to a motion to dismiss, so long as they are integral to or explicitly relied upon in the complaint, and the authenticity of such documents is not disputed. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In this case, the lease Plaintiff executed with Ashland Junction, L.C., the lease-amendment documents, and the notification Plaintiff received from Defendant telling her that her lease was ending ("Termination Notice") are all incorporated into the Complaint by reference, and they are additionally attached to both the Motion to Dismiss and Plaintiff's proposed Second Amended Complaint. Neither

party disputes the authenticity of these documents, and so the Court will consider them for purposes of resolving the motions before it.

Viewed through this lens, the facts are as follows.

In 2012, Plaintiff entered into a lease with Ashland Junction, L.C., to rent commercial space in Ashland Junction Shopping Center in Ashland, Virginia ("Lease"). (ECF Nos. 8-1, 12-1.) Plaintiff and Ashland Junction, L.C. executed three subsequent lease renewal amendments ("Lease Amendments") in 2013, 2014, and 2015. (ECF Nos. 8-2, 8-3, 8-4, 12-3, 12-4, 12-5.) The Third Lease Amendment, executed in 2015, extended the term of the Lease through August 31, 2017. (ECF Nos. 8-4, 12-5.)

At the time the original Lease was executed, Ashland Junction, L.C. was registered as a Virginia limited liability company. In February of 2016, Ashland Junction L.C. domesticated in the state of Delaware and changed its name to Ashland Junction, LLC. The new entity, Ashland Junction LLC, assumed all the rights and obligations of Ashland Junction L.C., including all rights and obligations assigned to the Landlord in Plaintiff's Lease. (*See* Termination Notice, ECF No. 12-8 (referring to Ashland Junction, LLC as successor-in-interest to Ashland Junction, L.C.).)

On August 22, 2017, in its capacity as the property management agent for Ashland Junction LLC, Defendant sent Plaintiff a Termination Notice reminding her that the Lease was set to expire on August 31, 2017. (*Id.*) The Termination Notice also provided that, pursuant to the Lease's 30-day notice requirement, the effective date of lease-termination would be September 21, 2017. (*Id.*)

Plaintiff filed the instant action on September 19, 2017, alleging that Defendant's behavior and practices violated the terms of the lease, Virginia Code §§ 55-248.31, 55-222, and 54.1-2106.1, as well as the Federal Trade Commission Act. On September 22, 2017, before Defendant was served with process, Plaintiff filed an Amended Complaint. Defendant filed its Motion to Dismiss with *Roseboro* Notice on October 20, 2017. Plaintiff then filed her Motion for Leave to File Second Amended Complaint on October 27, 2017, and Defendant filed its opposition thereto on November 7, 2017.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's

4

well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). Moreover, "[p]leadings must be construed to do justice." Fed. R. Civ. P. 8(d). At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007); *Orthmann v. Apple River Campground*, 757 F.2d 909, 915 (7th Cir. 1985); *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)); *see also Dolgaleva v. Va. Beach City Pub. Sch.*, 364 F. App'x. 820, 827 (4th Cir. 2010).

**B. Motion for Leave to File Second Amended Complaint**

When a plaintiff may not file an amended pleading as a matter of right, "the disposition of a motion to amend is within the sound discretion of the district court." *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." "Motions to amend are

typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004). A lack of prejudice to the nonmoving party, alone, ordinarily warrants granting leave to amend. *Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). However, if the amendment would be futile such that it fails to satisfy federal pleading requirements and would not survive a motion to dismiss, then a court may deny leave to amend. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citation omitted).

### III. DISCUSSION

Taking the facts in Plaintiff's Amended Complaint as true, the Court finds that she has failed to state a claim for relief. The Court further finds that Plaintiff's proposed Second Amended Complaint would not survive a subsequent motion to dismiss and therefore leave to amend is not warranted.

**A. Motion to Dismiss**

Plaintiff's Amended Complaint can be read as presenting four counts: Defendant violated the Lease (Count One) and Virginia Code § 55-222 (Count Two) by only giving Plaintiff thirty days' notice regarding the termination of her lease; Defendant violated Virginia Code § 55-248.31 "by non-compliance with its rental agreement" (Count Three); and Defendant violated the Federal Trade Commission Act ("FTCA") by operating as a managing agent for Ashland Junction, L.C./LLC without a license issued by the Department of Professional and Occupational Regulation ("DPOR") or Certificate of Authority issued by the State Corporation Commission ("SCC") (Count Four). As

6

discussed below, however, the facts and the Lease documents, construed as liberally as possible, show that Plaintiff has not raised any viable legal claims.[2]

Defendant argues that Plaintiff has failed to state a claim on Counts One through Three because Defendant is neither the Landlord referenced in the Lease nor a party to the Lease or its Amendments. (Mem. Supp. Mot. Dismiss 7, ECF No. 8; Lease & Lease Amendments, ECF Nos. 8-1, 8-2, 8-3, 8-4.) Instead, all of Defendant's allegedly unlawful actions pertaining to the termination of Plaintiff's lease were performed in its capacity as property management agent for the landlord, Ashland Junction L.C./LLC. (Termination Notice, ECF No. 12-8.) The law is clear that a fully disclosed agent who acts on behalf of their principal cannot be held personally liable for such conduct. *Duncan v. Peninger*, 624 F.2d 486, 490 (4th Cir. 1980) (citing Restatement (Second) of Agency § 320 & Comment a (1958)); *Inova Health Sys. Servs. v. Bainbridge*, 2011 Va. LEXIS 255 *3–4 (Va. Oct. 21, 2011) (citing *Richmond Union Passenger Ry, Co. v. New York & Sea Beach Ry. Co.*, 95 Va. 386, 395 (1897)). In the Amended Complaint, Plaintiff herself alleges that Defendant is the "Management Agent" and/or "Managing Agent" "for the Landlord . . . ." (Am. Compl. 2, ECF No. 4.) The Court finds that, by doing so, Plaintiff has effectively pled herself out of court on her claim for breach of contract and the accompanying claims for violation of the Virginia Code. *See Atkins*, 631 F.3d at 588; *Dolgaleva*, 364 F. App'x. at 827.

Regarding Count Four, Plaintiff's claim that Defendant has violated the FTCA, the Court finds that Plaintiff lacks a private right of action under the Act. The Fourth Circuit

---

[2] Because the Court finds that Plaintiff fails to state a claim upon which relief may be granted, it need not address the legality and/or suitability of the various forms of relief sought in the Amended Complaint.

has explicitly recognized that "the substantive prohibitions of [the FTCA] [are] 'inextricably intertwined with provisions defining the powers and duties of a specialized administrative body charged with its enforcement,'" and, as a result, "courts have declined to imply any private right of action [in the FTCA] and have relied upon the regulatory scheme to police the industry." *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 675 (4th Cir. 1986) (quoting *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988–989 (D.C. Cir. 1973)). Accordingly, this Court follows the Fourth Circuit and numerous other circuit courts in finding that Plaintiff has no legal claim against Defendant under the FTCA.

Because Plaintiff has pled facts that show she cannot recover from Defendant for the alleged breach of contract or violations of the Virginia Code, and because she has no right to relief under the FTCA, the Amended Complaint must be dismissed.

## B. Motion for Leave to File Second Amended Complaint

Facing Defendant's Motion to Dismiss, Plaintiff attempted to cure the deficiencies of her Amended Complaint by filing the Motion for Leave to File Second Amended Complaint. In the proposed Second Amended Complaint, which was incorporated into Plaintiff's Motion, Plaintiff seeks to add Phillips Edison Limited Partnership, Phillips Edison & Company, Inc.,[3] and Ashland Junction, L.C.[4] as defendants. (*See* Pl. Mot. 1,

---

[3] When appropriate, the Court will adopt Plaintiff's collective label "PECO" to refer to Phillips Edison & Co., Ltd. (the original Defendant), Phillips Edison & Company, Inc., and Phillips Edison Limited Partnership.

[4] Despite explicitly adding Ashland Junction, L.C. as a defendant, Plaintiff does not name the entity in any of her claims. Plaintiff does, however, refer to Ashland Junction, LLC in her claim for "Termination of the Lease by an Entity Not a Party to the Lease," which the Court construes in part as Count One: breach of the Lease. (Pl. Mot. 7–8.) Because Ashland Junction, LLC is the successor in interest to

8

ECF No. 12.) Plaintiff additionally reframes her claims and asserts what the Court liberally construes as nine counts: (1) breach of the Lease; (2) violation of Virginia Code § 55-222; (3) violation of Virginia Code § 54.1-2105.2; (4) fraud in the factum and fraud in the inducement, under Virginia law; (5) violation of the FTCA; (6) violation of federal criminal fraud statutes, 18 U.S.C. §§ 1341, 1343; (7) violation of the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621, *et seq.*; (8) tortious interference with a business expectancy under Virginia law; and (9) violation of § 3631 of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*

1. Counts Two, Three, Five, Six, Seven, & Nine

As a preliminary matter, the Court notes that Count Two of the proposed Second Amended Complaint is identical to Count Two of the Amended Complaint, and as a result the Court can summarily dispose of that Count as unable to survive a motion to dismiss. *See supra* discussion at Part III.A. The Court can also dispose of Counts Three, Five, Six, Seven, and Nine because these claims are founded on inapplicable law and/or laws that do not provide for private, civil relief. Plaintiff's claims that the PECO Defendants violated Virginia Code § 54.1-2105.2 (Count Three), the FTCA (Count Five), and federal criminal fraud statutes (Count Six) all fail for lack of a private right of action.[5] The claim that the PECO Defendants violated the Age Discrimination in

---

Ashland Junction, L.C., and because the Court must construe *pro se* complaints "to do justice," *see* Fed. R. Civ. P. 8(d), the Court will consider Ashland Junction, LLC to be a named Defendant for purposes of analyzing Plaintiff's Motion for Leave to File Second Amended Complaint.

[5] Virginia Code § 54.1-2105.2 provides solely for regulatory enforcement by the Virginia Real Estate Board, the FTCA provides for regulatory enforcement by the Federal Trade Commission (*see supra* Part III.A), and federal criminal law is reserved for the Department of Justice to prosecute.

9

Employment Act (Count Seven) necessarily fails because the statute only applies to discrimination in the context of an employment relationship, and nowhere in the Amended Complaint or the proposed Second Amended Complaint does Plaintiff allege that she was an employee of any of the Defendants. Finally, Plaintiff's attempted claim of housing discrimination (Count Nine) is not viable because the Fair Housing Act only governs residential properties, not commercial spaces such as the leased property that is the subject of the present dispute. Accordingly, amendment would be futile as to each of these proposed counts.

2. Count One

Plaintiff's claim that Ashland Junction, LLC[6] breached the Lease (Count One) would similarly not survive a motion to dismiss. To the extent that Plaintiff alleges that Ashland Junction, LLC, is not a party to the Lease and therefore had no authority to terminate it, her argument fails as contrary to both law and the text of the Termination Notice, which explicitly designates Ashland Junction, LLC as successor-in-interest to Ashland Junction, L.C, the original "Landlord". (ECF 12-8.) Additionally, Plaintiff's assertion that the Lease was breached because she was only given ten days' notice of termination fails to state a claim because it is contradicted by the facts as alleged and the text of the incorporated Lease documents.

Plaintiff received the Termination Notice on August 21, 2017. (Pl. Mot. 8.) The Notice provided Plaintiff a full 30 days before the termination would become effective on September 21, 2017. (*Id.*) By doing so, Ashland Junction, LLC actually allowed

---

[6] *See supra* note 4.

Plaintiff to continue renting the premises beyond the date on which the Third Lease Amendment would have naturally expired: August 31, 2017. (*Id.*; Third Lease Am., ECF No. 12-5.) Moreover, although Plaintiff relies on Paragraph 26 of the Lease to claim that she should have been relocated rather than have her lease terminated, Plaintiff misconstrues the text of the Lease. Paragraph 26 states explicitly that, in the event it wished to relocate the Tenant (Plaintiff), the "Landlord *may*, upon ninety (90) days' prior written notice" do so. (Lease at 5, ECF No. 12-1 (emphasis added).) The word "may" imparts no legal obligation; rather, it creates an option for the Landlord. Accordingly, even if Paragraph 26 was applicable to Plaintiff's lease-termination scenario, Ashland Junction, LLC, could not be held liable for failing to exercise this option.

For these reasons, the Court finds that Plaintiff has failed to state a claim for breach of contract against Ashland Junction, LLC, the successor-in-interest to the only other party to the Lease. To the extent that Plaintiff attempts to state a claim for breach of contract against the PECO defendants as well, such claim fails for the reasons discussed in the Court's analysis of the Motion to Dismiss.

3. Count Four

In Count Four, Plaintiff alleges that the PECO Defendants committed fraud by misrepresenting their status as authorized to transact business in the Commonwealth of Virginia, despite allegedly lacking any such certificate of authority or registration. (Pl. Mot. at 9–10.) Specifically, Plaintiff asserts that this constituted fraud in the factum and fraud in the inducement. Under Virginia law, the elements of common law fraud are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly,

11

(4) with intent to mislead, (5) reliance thereon by the party misled, and (6) resulting damage to the party misled." *Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 489, 497 (2014). A claim of fraud in the factum requires a showing of fraud in the execution of a negotiated instrument itself, for example where the instrument was misread to the signor or the signor was presented a document other than that which she believed herself to be signing. *Sager v. W. T. Rawleigh Co.*, 153 Va. 514, 526–27 (1929). Finally, to state a claim for fraud in the inducement, a plaintiff must show that misrepresentations were made, which were "positive statements of fact, made for the purpose of procuring the contract; that they are untrue; that they are material; and that the party to whom they were made relied upon them, and was induced by them to enter into the contract." *Brame v. Guarantee Finance Co., Inc.*, 139 Va. 394, 124 S.E. 477 (1924).

Other than alleging that the PECO Defendants' actions constituted fraud in the factum, Plaintiff has made no allegation that fraud occurred in the execution of the Lease, such that the document she ultimately signed was not what she believed it to be. Plaintiff has therefore not stated a claim for fraud in the factum. Similarly, Plaintiff has not alleged any facts to show that the PECO Defendants positively represented to her that they were registered with the SCC, or that Plaintiff relied upon any such statements when she negotiated the Lease and its Amendments. For this reason, Plaintiff has failed to state a claim for fraud in the inducement or common law fraud in general.

4. Count Eight

Plaintiff's last proposed claim is that "Phillips Edison & Company constructive[ly] denied Plaintiff other empty properties." (Pl. Mot. at 12.) The Court construes this as a

claim for tortious interference with a business expectancy (Count Eight). In support of her claim, Plaintiff presents excerpts of what appears to be a failed negotiation for alternative rental space, occurring two days after Plaintiff received the Termination Notice. (*Id.* at 12–13.)

As established by the Virginia Supreme Court, the elements of tortious interference with a business expectancy are as follows: "(1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damage to plaintiff." *Commercial Bus. Sys. v. Halifax Corp.*, 253 Va. 292, 300 (1997) (quoting *Glass v. Glass*, 228 Va. 39, 51–52 (1984)).

The facts alleged in the Complaint and the excerpted e-mail exchange fail to demonstrate that Plaintiff had a business expectancy in continuing to lease space from the PECO Defendants after the expiration of the Third Lease Amendment. Additionally, the facts presented are insufficient to show that the PECO Defendants engaged in intentional misconduct by refusing to offer Plaintiff the lease-rates and/or discounts she sought. As a result, Plaintiff has failed to state a claim on this Count as well.

For all the foregoing reasons, the Court finds that granting Plaintiff leave to amend her Amended Complaint would be futile because none of the claims in the proposed Second Amended Complaint would survive a successive motion to dismiss. Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint will be denied.

## IV. CONCLUSION

In sum, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted in the Amended Complaint. The Court further finds that granting Plaintiff leave to file the proposed Second Amended Complaint would be futile, as the claims stated therein are similarly deficient as a matter of law. Accordingly, the Motion to Dismiss (ECF No. 7) will be granted, the Motion for Leave to File Second Amended Complaint (ECF No. 12) will be denied, and the action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 8, 2017
Richmond, Virginia